## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

**ORDER**
Criminal No. 11-178 ADM/LIB
Civil No. 12-2968 ADM

Aaron Dante Moreno,

        Defendant.

_____

Kevin S. Ueland, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Aaron Dante Moreno, pro se.

_____

This matter is before the undersigned United States District Judge for a ruling on Defendant Aaron Dante Moreno's ("Moreno") Motion to Strike [Docket No. 65]. Moreno's motion is denied.

On November 26, 2012, Moreno submitted a Motion to Vacate his sentence pursuant to §28 U.S.C. 2255 ("2255 Motion") [Docket No. 47]. After the Court ordered a Response, the Government filed its Response in Opposition ("Response") electronically on CM/ECF on December 13, 2012 [Docket No. 52]. On January 31, 2013, after thorough review of the merits the Court denied Moreno's 2255 Motion. United States v. Moreno, 2013 U.S. Dist. LEXIS 12947 (D. Minn.).

Moreno now requests the Court strike the Government's Response in opposition to his 2255 Motion, then grant his "unopposed" 2255 Motion and order his "immediate release." Essentially, Moreno requests the court reopen his case after final judgment.

Moreno claims he was not served a copy of the Government's Response prior to the Court's denial of his motion on January 31, 2013. The Rules governing Section 2255 proceedings do not require the Government to respond to a Section 2255 motion unless the Court requests the Government do so. See U.S.C.S. Rules of Criminal Procedure, Section 2255 Rules, Rule 4(b). And the Government's Response does not give the Defendant an automatic right to reply. See id. at Rule 5(d); see also United States v. McElrath, No. 3-235, 2009 U.S. Dist. LEXIS 49134, *5-6 (D. Minn. June 11, 2009). In addition, the alleged failure to serve Moreno with a mailed copy of the Response had no bearing on the Court's denial of Moreno's 2255 Motion. The Court conducted a full and thorough examination of Moreno's claims and found no basis for his 2255 Motion.

Moreno's request may stem from a misunderstanding of Section 2255 Proceedings. He argues that the Government's alleged failure to mail a copy of its Response left him with no opportunity to file a required "responsive pleading" addressing allegations made in the Response. However, a response does not contain allegations and Moreno is not entitled to reply. Moreno cites Fed. R. Civ. P. Rule 8(d). The language in his Motion to Strike actually quotes Rule 8(b)(6), which states under "Effect of Failure to Deny," that "[a]n allegation . . . is admitted *if a responsive pleading is required* and the allegation is not denied." Fed. R. Civ. P. Rule 8(b)(6) addresses pleadings and not motions. "Pleadings are defined by Federal Rule of Civil Procedure 7 as 'a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint . . . and a third-party answer . . . .'" Gherity v. Swenson, No. 04-CV-102, 2008 WL 822154 (D. Minn. Mar. 26, 2008) (citing Fed. R. Civ. P. 7(a)). Statements made in 2255 motions and responsive

2

motions, including any and all statements in the Government's Response to Moreno's 2255 Motion, are not subject to Rule 8(b)(6).

## **CONCLUSION**

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that: Defendant Aaron Dante Moreno's Motion to Strike [Docket No. 65] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 18, 2013.